[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  13-11945
Non-Argument Calendar

_____

D.C. Docket 4:12-cv-00048-CDL


RICKET CARTER,

Plaintiff-Appellant,

versus

COLUMBUS CONSOLIDATED GOVERNMENT,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 18, 2014)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Ricket Carter, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the Columbus Consolidated Government (the "City") on his claims under 42 U.S.C. § 1983.  Mr. Carter alleged that Officers Robert Rives and Ben Schuler of the Columbus Police Department arrested him without probable cause in violation of the Fourth Amendment.  Seeking to hold the City liable for the actions of these two officers, Mr. Carter filed a complaint pursuant to § 1983, naming the City as the sole defendant.  The district court granted summary judgment in favor of the City after concluding that Mr. Carter failed to introduce any evidence that the City had a custom or policy that might have contributed to the alleged constitutional violation.  After a review of the record and the parties' briefs, we affirm.

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party.  *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In order to establish a municipality's liability under § 1983, a plaintiff must demonstrate "a direct causal link between a municipal policy or custom and the

2

alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).[1]  On appeal, Mr. Carter argues that the City was the moving force behind the claimed constitutional violation because Officer Rives had a history of failing to abide by the City's policies and procedures, and the City failed to take sufficient corrective measures despite being aware of these performance deficiencies.

Because Mr. Carter does not purport to challenge any official policies or customs of the City, he must show that the alleged violation of his constitutional rights was caused by an unofficial practice or custom that is "persistent and wide-spread." *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986).  Under this standard, the challenged practice or custom must be "so pervasive as to be the functional equivalent of a formal policy." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003).  In an attempt to satisfy this standard, Mr. Carter introduced evidence showing that Officer Rives was disciplined for failure to perform his duties and suspended for two days in 2009.  In addition, in 2010, Officer Rives received a letter of counsel and suspension for not preparing proper reports.  Finally, the officers failed to fill out an incident report or field interview card with regard to Mr. Carter's arrest.  These facts, however, are not connected with the practice of conducting arrests.  Accordingly, these isolated incidents of unrelated disciplinary or regulatory violations do not provide evidence of a

---

[1] Respondeat superior or vicarious liability will not attach under § 1983.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

3

"persistent and wide-spread practice" that could have contributed to Mr. Carter's allegedly unlawful arrest. *See Depew*, 787 F.2d at 1499.

Nor do these incidents provide a proper basis for liability under a failure to train theory. The inadequacy of police training may serve as a basis for § 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Mr. Carter maintains that the officers' disciplinary records and evaluations demonstrate that the City knew of a need for additional training and the City nonetheless made a deliberate choice not to take any action. In order to establish a municipality's deliberate indifference, however, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise *in a particular area* and the municipality made a deliberate choice not to take any action." *Id.* (emphasis added). None of the officers' disciplinary or regulatory violations involved arrests without probable cause, and there is no other evidence in the record indicating that the City was aware of a pattern of unconstitutional arrests such that the need for additional training was obvious. Therefore, Mr. Carter failed to provide sufficient evidence to create a genuine issue of fact regarding the City's liability under a failure to train theory.[2]

---

[2] Because the district court correctly determined that Mr. Carter failed to produce evidence of any policy, practice, or custom sufficient to create a factual dispute as to the City's liability under § 1983, we need not decide whether Mr. Carter's constitutional rights were violated by the arrest.

4

The district court's grant of summary judgment to the City is affirmed.

**AFFIRMED.**